Nossaman LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801
aickowitz@nossaman.com
jkim@nossaman.com

Attorneys for the Federal Deposit Insurance Corporation
as Receiver of Vineyard Bank, National Association

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VINEYARD NATIONAL BANCORP<br><br>Debtor. | Case No: 2:10-bk-21661-RN<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE RE** *"MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY"*<br><br>[Decl. of James A. Thormahlen Filed Concurrently Hereto and [Proposed] Order Granting Application Lodged Concurrently Herteo]<br><br>[L.B.R. 9075-1(b); NO HEARING REQUIRED] |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE, COMMITTEE OF UNSECURED CREDITORS, THE DEBTOR, THE PROPOSED LIQUIDATING TRUSTEE, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND THE UNITED STATES TRUSTEE:**

395444_1.DOC

1    The Federal Deposit Insurance Corporation, as receiver of Vineyard Bank, National Association (the "FDIC-R" and "Bank", respectively), in the above-entitled case, hereby applies under Local Bankruptcy Rule 9075-1(b) (the "Application to Shorten Time") for an order shortening the time for notice and hearing on the FDIC-R's Notice of Motion and Motion ("Motion") for the entry of an order either (1) confirming that the automatic stay does not apply to the exercise of certain Tax Rights (as defined in the Motion), or alternatively, (2) granting relief from the automatic stay to facilitate the exercise of those rights and (3) waiving the 14 day stay imposed by Bankruptcy Rule 4001(a)(3) so that any order granting relief from the automatic stay is effective upon entry on the Court's docket. A true and correct copy of the Motion is attached hereto as **Exhibit "1."**

An amendment to the Internal Revenue Code known as the Worker, Homeownership and Business Assistance Act of 2009, enlarged the time period for carrying back tax net operating losses ("NOLs") from two years to five years which amendment became effective November 6, 2009. Section 13(a) of the Worker, Homeownership and Business Assistance Act of 2009 and Revenue Procedure 2009-52-4.01(3)-(4) (November 4, 2009). **Section 13(a) sets a mandatory deadline of September 15, 2010 for carryback elections for 2008 and 2009 NOLs which deadline is not subject to being extended.** *See also* Rev. Proc. 2009-52-4.01(3)-(4) (Nov. 20, 2009).

As a result of the late 2009 change in the tax law, the FDIC-R must file a tax return electing to carry back certain NOLs of the Bank by September 15, 2010, **or the right to use these NOLs will be forever lost.** This could result in over $20 million in damages to the receivership, which will irreparably damage the depositors and creditors of the receivership, and potentially the creditors of the estate of the debtor.

The FDIC-R has consistently for months urged the holding company Vineyard National Bancorp ("Debtor") and Brad Sharpe, as the presumed future Liquidating Trustee ("Liquidating Trustee") who will become the liquidating trustee pursuant to the joint plan of liquidation ("Liquidating Plan") confirmed in the within case, to work cooperatively with the FDIC-R to file a single consolidated return

to maximize the amount of any tax refund available to the Debtor and/or the Bank.[1] The FDIC-R also has offered to place any tax refunds in a joint bank account, pending a resolution of conflicts over the ownership of such refunds. To that end, the parties have been negotiating a form of stipulation which final form has not been approved by the Debtor or Liquidating Trustee. Although those efforts have been ongoing for the past several weeks, to date, such stipulations for the establishment of a joint bank account, for filing tax returns and NOL carryback elections and for the sharing of tax information have not resulted in final, signed stipulations.

The FDIC-R also has requested that the Debtor enter into a stipulation providing for the Debtor to submit the necessary tax filings to the FDIC-R for review and approval in advance of the September 15, 2010 deadline and permitting the FDIC-R to file its own returns in the event that this is not done but to date the Debtor has not yet entered into such a stipulation. The Debtor has not yet agreed to such a proposed stipulation and, as a result, the FDIC-R is compelled to file this motion to preserve its Tax Rights.

By the Debtor's own admissions, a significant difficulty in resolving these issues without court intervention results from the fact that the bankruptcy case is in a transition period with the Debtor as "debtor in possession" and the creditors' committee soon to be replaced by the Liquidating Trustee pursuant to a Liquidating Plan approved by the Court on August 6, 2010. No order confirming the Liquidating Plan has been entered (or even circulated) and the plan has not yet become effective.

By filing this Motion, the FDIC-R does not seek a determination of ownership, but merely seeks to preserve its right to claim this refund.

The FDIC-R respectfully requests that the Court schedule a hearing on the Motion for September 1, 2010 at 2:00 p.m. in order to prevent irrevocable damages to the FDIC-R relating to its Tax Rights. Given the efforts that were made to attempt to resolve the issue by stipulation and the Court's calendar

---

[1] The Court granted the motion to confirm the Liquidating Plan at the confirmation hearing thereon on August 6, 2010 but no Order thereon has yet been entered and the Liquidating Plan will not become effective until the Order is entered and the 14-day stay pursuant to Bankruptcy Rule 3020(e) has lapsed unless waived by agreement of the joint proponents, the Creditors Committee and the Debtor. To date, however, the proponents have not indicated to the FDIC-R that they will so agree.

395444_1.DOC    2

1 | in the period prior to September 15th, it is not possible to have the FDIC-R's Motion heard pursuant to
2 | the regular notice period and still be heard and an order entered at least several days prior to the
3 | September 15th tax filing deadline. To the extent an adverse ruling is entered in connection with the
4 | Motion, the expedited time would provide the FDIC-R an opportunity to exercise its appellate rights
5 | prior to the September 15, 2010 filing deadline.

6 | For the reasons stated herein, the FDIC-R submits that this Application to Shorten Time and the
7 | Motion are appropriate and should be granted by the Court.

8 | Copies of this Application to Shorten Time, the Motion and accompanying documents will be
9 | served contemporaneously, via facsimile, email, or overnight/Express Mail deliver on (1) the Office of
10 | the United States Trustee, (2) counsel to the Official Committee of Unsecured Creditors, (3) the Debtor,
11 | (4) the proposed Liquidating Trustee, (5) and all parties who have requested special notice in this Case.

12 | WHEREFORE, the FDIC-R respectfully requests that the Court issue and enter the concurrently
13 | filed Order Shortening Notice of Time for the Hearing.

14 | Dated: August 16, 2010          NOSSAMAN LLP
                                     ALLAN H. ICKOWITZ
15 |                                  THOMAS D. LONG
                                     JOHN W. KIM
16 |
17 |                                  By: _____
                                          JOHN W. KIM
18 |                                  Attorneys for the Federal Deposit Insurance Corporation as
                                     Receiver for Vineyard Bank, National Association