Nossaman LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801
aickowitz@nossaman.com
jkim@nossaman.com

Attorneys for the Federal Deposit Insurance Corporation
as Receiver of Vineyard Bank, National Association

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 2:10-bk-21661-RN |
| VINEYARD NATIONAL BANCORP | Chapter 11 |
| Debtor. | **DECLARATION OF JAMES A. THORMAHLEN IN SUPPORT OF MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY** |
| | **Requested Hearing**<br>Date: September 1, 2010<br>Time: 2:00 p.m.<br>Court: 255 E. Temple Street<br>Los Angeles, CA 90012<br>Courtroom 1652 / 1645 |

395276_1.DOC

**DECLARATION OF JAMES A. THORMAHLEN IN SUPPORT OF MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

1  I, JAMES A. THORMAHLEN, hereby declare and state as follows:

2  1. I am a Senior Financial Management Analyst employed by the Division of Resolutions and Receiverships of the Federal Deposit Insurance Corporation ("FDIC") at its offices in Dallas, Texas. I am a Certified Public Accountant and obtained my license as such from the State of Texas between 1987 and 1989. I have been so employed by the FDIC for nine years.

3  2. The matters set forth in this declaration are either based upon my personal knowledge or based upon the books and records maintained in the ordinary course of its operations by the FDIC as the Receiver of Vineyard Bank, National Association ("FDIC-R"). I am making this declaration in support of the "*Motion Of The Federal Deposit Corporation, As Receiver, For An Order Confirming That The Automatic Stay Does Not Apply Or, In The Alternative, For An Order Granting Relief From The Automatic Stay*" ("Motion").

4  3. On July 17, 2009 (the "Bank Closing Date"), the Office of the Comptroller of the Currency closed the Bank and appointed the FDIC as the Receiver of the Bank. Immediately after the FDIC was appointed as the Receiver, the FDIC-R entered into a Purchase and Assumption Agreement (the "Agreement") with California Bank & Trust, for the purchase of certain assets of the Bank. The FDIC-R retained certain interests and assets under the Agreement, including the rights to any and all tax refunds to which the Bank would be entitled.

5  4. The FDIC-R must file a tax return electing to carryback certain net operating losses ("NOLs") of the Bank by September 15, 2010, **or the right to use these NOLs will be forever lost.**[1] This could result in over $20 million in damages to the receivership. The filing of a tax return or an amendment by the FDIC-R, in accordance with § 6402 of the IRC and applicable regulations, would give the FDIC-R the opportunity to provide the IRS with the basis for tax treatment that the FDIC-R believes is appropriate and fair in these circumstances.

---

[1] An amendment to the Internal Revenue Code known as the Worker, Homeownership and Business Assistance Act of 2009, enlarged the time period for carrying back tax net operating losses from two years to five years which amendment became effective November 6, 2009. Section 13(a) of the Worker, Homeownership and Business Assistance Act of 2009 and Revenue Procedure 2009-52-4.01(3)-(4) (November 4, 2009). **Section 13(a) sets a mandatory deadline of September 15, 2010 for carryback elections for 2008 and 2009 NOLs which is not subject to being extended.** *See also* Rev. Proc. 2009-52-4.01(3)-(4) (Nov. 20, 2009).

395276_1.DOC                                    1

**DECLARATION OF JAMES A. THORMAHLEN IN SUPPORT OF MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

5.  Upon information and belief, the FDIC-R has consistently urged the holding company Vineyard National Bancorp ("Debtor") and Brad Sharpe, as Liquidating Trustee ("Liquidating Trustee") duly appointed pursuant to the joint plan of liquidation ("Liquidating Plan") confirmed in the within case, to work cooperatively with the FDIC-R to file a single consolidated return to maximize the amount of any tax refund available to the Debtor and/or the Bank. The FDIC-R also has offered to place any tax refunds in a joint bank account pending a resolution of conflicts over the ownership of such refunds. I have been advised that although those efforts have been ongoing for the past several weeks, to date such stipulations for the establishment of a joint bank account, for filing consolidated tax returns and NOL carryback elections and for the sharing of tax information have not resulted in final, signed stipulations and, as a result, the FDIC-R is compelled to file this motion to preserve its Tax Rights[2].

6.  By filing the Motion, the FDIC-R does not seek a determination of ownership, but merely seeks to preserve its rights to claim this refund.

7.  Prior to the Bank Closing Date, the Debtor herein, Vineyard National Bancorp was the holding company of the Bank incorporated in the State of California and headquartered in California.

8.  Section 6402(k) of the Internal Revenue Code provides:

> *Notwithstanding any other provision of law*, in the case of an insolvent corporation which is a member of an affiliated group of corporations filing a consolidated return for any taxable year and which is subject to a statutory or court-appointed fiduciary, the Secretary may by regulation provide that any refund for such taxable year may be paid on behalf of such insolvent corporation to such fiduciary *to the extent that the Secretary determines that the refund is attributable to losses or credits of such insolvent corporation.*

26 U.S.C. § 6402(k) (emphasis added). The applicable regulations are found in Treas. Reg. § 301.6402-7.

9.  For the purposes of this statute, the FDIC-R is a "fiduciary" to whom such refund may be remitted. *See* Treas. Reg. § 301.6402-7(b)(3)(i). Treas. Reg. § 301.6402-7(b)(3) provides, in pertinent part, that a "fiduciary is (i) [t]he Federal Deposit Insurance Corporation; ... in its capacity as an authorized receiver or conservator of an insolvent financial institution." Treas. Reg. § 301.6402-

---

[2]/  All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

395276_1.DOC          2

**DECLARATION OF JAMES A. THORMAHLEN IN SUPPORT OF MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

7(b)(3)(i). In order to inform the IRS of its fiduciary status, the fiduciary must file Form 56-F, Notice Concerning Fiduciary Relationship of Financial Institution, with the applicable Internal Revenue Service Center. *See* Treas. Reg. § 301.6402-7(d)(1) ("To satisfy the notice requirement of this paragraph (d)(1), the fiduciary must file Form 56–F, Notice Concerning Fiduciary Relationship of Financial Institution, with the Internal Revenue Service Center indicated on the form.").

10. In accordance with the notice requirements under the Treas. Regs., on July 18, 2009, the FDIC-R, did in fact submit a Form 56-F with the IRS. At no time has the FDIC-R attempted to obtain any refund on account of the 2009 NOLs or otherwise, seeking instead by this Motion authority to exercise its Tax Rights.

11. Upon information and belief, since at least 2006 and prior to the bankruptcy and the Receivership, Debtor and the Bank (the "Consolidated Group") elected to file consolidated federal income tax returns under section 1501 of the Internal Revenue Code.

12. Upon information and belief, the members of the Consolidated Group are parties to a Vineyard National Bancorp and Subsidiary Corporate Income Tax Sharing Agreement ("Tax Sharing Agreement"), dated January 3, 2007, pursuant to which the Debtor and the Bank agreed to a certain allocation of their current and deferred income tax assets and liabilities.

13. Upon information and belief, allegedly in accordance with the provisions of the Tax Sharing Agreement, the members of the Consolidated Group prepared and filed consolidated tax returns for the Consolidated Group for the tax years 2003 through 2008, inclusive. In connection with its tax returns for the year 2008, the Debtor has requested refunds be issued in the approximate sum of $15.1 million, and it is anticipated by the Debtor and the FDIC-R that the Consolidated Group will request refunds of $14.8 to $20.8 million based on carrying back losses from either 2008 or 2009 to one or more of 2003, 2004 and 2005 and that there may be other refunds to be issued by the United States Treasury and/or by the taxing authorities of different states or municipalities with respect to the Consolidated Group.

14. **Upon information and belief, the *Bank* funded substantially all of the tax payments made by the Consolidated Group for several years by paying those amounts to the Debtor, which in turn remitted payments to the IRS.**

### The 2009 Consolidated Tax Return to be Filed

15. Upon information and belief, the Bank sustained NOLs in the year 2009. Pursuant to applicable tax law, the carryback of these NOLs or NOLs sustained in the year 2008, at the taxpayer's election, would entitle the Consolidated Group to a refund of income taxes paid in the previous five years, as applicable to the elected year in which the NOLs were sustained. Because the Bank funded substantially all of the tax payments made by the Consolidated Group and incurred almost all of the losses, the FDIC-R would be entitled to all or almost all of the tax refunds based on the NOLs sustained in either 2008 or 2009. Upon information and belief, the right to tax refunds of the Debtor would be solely as a result of the payment of taxes made by the Bank in prior years.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2010 at Dallas, Texas.

_____
James A. Thormahlen